IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ILLINOIS EXTENSION PIPELINE
COMPANY, L.L.C.

Plaintiff,

v.

DWIGHT L. HAGY and
BESSIE HAGY,

Defendants.                                        No. 15-697-DRH-DGW

## MEMORANDUM and ORDER

HERNDON, District Judge:

## I.   Introduction

Pending before the Court is plaintiff Illinois Extension Pipeline Company, L.L.C.'s ("IEPC") Motion for Judgment on the Pleadings (Doc. 15) pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(c) against defendants Dwight L. Hagy and Bessie Hagy (hereinafter "defendants"). Defendants filed an opposing Response (Doc. 17) to which IEPC replied (Doc. 20). IEPC also filed a Motion to Dismiss Defendants' Counterclaims (Doc. 16), to which Defendants have responded (Doc. 18). IEPC also filed a Reply to that response (Doc. 19). For the reasons discussed herein, IEPC's Motion for Judgment on the Pleadings (Doc. 15) and Motion to Dismiss Defendants' Counterclaims (Doc. 16) are granted.

## II.  <u>Background and Allegations</u>

IEPC (formerly known as Enbridge Pipelines (Illinois) L.L.C.) filed its Complaint in this Court on June 23, 2015, based on diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332. (Doc. 1). In its Complaint, IEPC contends that it is the current owner of a pipeline right-of-way that runs across a tract of land (Tract 12-087-1) owned by defendants in Fayette County, Illinois. (Doc 1 ¶¶ 6-7). Defendants are successors to the grantors of this right-of-way, referred to as the "1939 Luxor Easement." (Doc. 1 ¶ 7). The 1939 Luxor Easement is part of a series of easements obtained by IEPC's predecessors in 1939 for the installation of a pipeline between the towns of Heyworth and Patoka, Illinois, referred to as the "Luxor Line." (Doc. 1 ¶ 8).

IEPC is currently constructing a new underground pipeline for the transportation of crude oil in interstate commerce, referred to as the "Southern Access Extension (SAX) Pipeline." (Doc. 1 ¶ 8; Doc. 20 P1). IEPC contends that it may use its 1939 Luxor Line easement rights to construct the SAX Pipeline across many tracts along the route, including defendants' Tract 12-087-1. (Doc. 1 ¶ 8). The 1939 Luxor Easement contains language that the owner of the easement has "the right to lay, operate and maintain, adjacent to and parallel with the first, a second pipe line…." (Doc. 1-1). According to IEPC's Complaint, defendants dispute the validity of IEPC's rights under the 1939 Luxor Easement and contend that IEPC does not have any right to lay the SAX Pipeline. (Doc. 1 ¶ 11).

Therefore, IEPC's Complaint seeks declaratory relief, pursuant to 28 U.S.C. § 2201, affirming that the 1939 Luxor Easement is valid and enforceable according to its terms and gives IEPC all the rights set forth therein. (Doc. 1 Prayer for Relief).

Defendants filed their Answer on July 17, 2015. (Doc. 13). In their Answer, Defendants admit the jurisdiction and venue allegations of the Complaint. (Doc. 13 ¶¶ 1-5). Defendants also admit that IEPC owns the 1939 Luxor Easement applicable to Tract 12-087-1 and that defendants are the current owners of Tract 12-087-1 and are the successors to the grantors under the 1939 Luxor Easement. (Doc. 13 ¶¶ 7-8). Notably, the defendants admit that the 1939 Luxor Easement is valid and enforceable according to its terms. (Doc. 13 ¶ 11). However, defendants deny that the 1939 Luxor Easement provides IEPC with the necessary authority to construct, operate, and maintain the SAX Pipeline. (Doc. 13 ¶ 11).

Defendants pleaded a Counterclaim along with their Answer. (Doc. 13). Count I of the Counterclaim seeks declaratory relief determining that the 1939 Luxor Easement does not give IEPC the right to construct, operate, and maintain the SAX Pipeline and that IEPC must obtain a new right-of-way grant for the SAX Pipeline. (Doc. 13). Count II of the defendants' Counterclaim seeks compensation from IEPC for alleged damages to the defendants' land caused by maintenance of the pipeline easement and construction of the SAX Pipeline. (Doc. 13).

In recent years there has been extensive litigation surrounding IEPC's Luxor Line easements. In every case, district courts, including the undersigned, have

consistently concluded that IEPC's easement rights continue to be valid and enforceable.[1] The Seventh Circuit Court of Appeals affirmed several of these decisions in 2011. See *Enbridge Pipelines (Illinois) L.L.C. v. Moore*, 633 F.3d 602 (7th Cir. 2011). Thus, no court has ever found that IEPC's Luxor Line easement rights are not still valid and enforceable.

### III.  **Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed.R.Civ.P. 12(c); *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002); *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A court may grant judgment on the pleadings under Rule 12(c) when the "court determines that there is no material issue of fact presented and that one party is clearly entitled to judgment." *Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982). The Court, in ruling on a motion for judgment on the pleadings, must accept as true all well-pleaded allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 364 (7th Cir. 2000); *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004). "The [C]ourt may consider only matters presented in the pleadings and must view the facts in the light most

---

[1]Litigation surrounding the IEPC Luxor Line in the Southern District of Illinois, Central District of Illinois, and on appeal with the Seventh Circuit,  held the easements to be valid in each of the following cases: *Enbridge Pipelines (Illinois) L.L.C. v. Burris*, No. 08-cv-697 (S.D. Ill. 2010); *Enbridge Pipelines (Illinois) L.L.C. v. Portz*, No. 08-cv-841(S.D. Ill. 2010); *Enbridge Pipelines (Illinois) L.L.C. v. Hortenstine*, No. 08-cv-842 (S.D. Ill. 2010); *Enbridge Pipelines (Illinois) L.L.C. v. Preiksaitis*, 2:08-cv-02215-HAB-DGB (C.D. Ill. Feb. 1, 2010); *Kelly v. Enbridge (U.S.) Inc.*, No. 07-3245, 2008 WL 2123755 (C.D. Ill. May 16, 2008).

favorable to the nonmoving party," but is "not bound by the nonmoving party's legal characterizations of the facts." *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987).

If the Court considers evidence outside the pleadings, a motion for judgment on the pleadings is treated as one for summary judgment. Fed.R.Civ.P, 12(d). However, a district court may take judicial notice of matters of public record, as well as orders and exhibits attached to the pleadings, without converting a Rule 12(c) motion into a motion for summary judgment. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). The Court now turns to IEPC's arguments seeking judgment and dismissal.

### IV.  Analysis

IEPC seeks a declaration that this 1939 Luxor Easement "is valid and enforceable according to its terms and gives Illinois Extension Pipeline Company, L.L.C., all the rights set forth therein." (Doc. 1).[2] IEPC contends that judgment on

---

[2] In order to be entitled to a declaratory judgment there must be a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Defendants contend that because they have admitted the 1939 Luxor Easement is valid and enforceable, there is no controversy here. (Doc. 17 P2). The Court disagrees. Defendants admit in their Answer that there is indeed a controversy between IEPC and defendants as to the enforceability of the 1939 Luxor Easement. (Doc. 13 ¶ 13). Defendants also failed to contest the allegation in the Complaint that the defendants dispute the validity of IEPC's rights under the 1939 Luxor Easement and contend that IEPC does not have any right to lay this second pipeline. (Doc. 1 ¶ 11). *See e.g., United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991) (the court regards as true all uncontested allegations to which the parties had an opportunity to respond). Although defendants have acknowledged the easement is valid, they persist in raising arguments about its meaning, suggesting that they do in fact dispute IEPC's rights under the easement. This is sufficient to establish the existence of a real and justiciable controversy between the parties as contemplated by the Declaratory Judgment Act, 28 U.S.C. § 2201. *Knight v. Enbridge Pipelines (FSP)*

the pleadings in its favor is appropriate because the defendants' Answer admits virtually all allegations of IEPC's Complaint. (Doc. 15 ¶ 2). According to IEPC, defendants' denial that the 1939 Luxor Easement gives IEPC the authority to construct the SAX Pipeline is irrelevant because IEPC never sought such a declaration. (Doc. 15 ¶ 3).

As noted above, the Seventh Circuit has affirmed a series of district court judgments finding that IEPC's 1939 easements are still valid and enforceable. *Enbridge Pipelines (Illinois) L.L.C. v. Moore*, 633 F.3d 602 (7th Cir. 2011). The 1939 Luxor Easement in this case is in essence indistinguishable from the easements previously upheld. (Doc. 1-1). Indeed, defendants do not even attempt to distinguish the easement at issue in this case from those other easements, but simply deny that the enforceability of this particular easement has ever been litigated. (Doc. 13 ¶ 9).

Defendants admit that the 1939 Luxor Easement is valid and enforceable according to its terms. (Doc. 13 ¶ 11). Defendants make no response to the allegation in the Complaint that the easement "gives IEPC all the rights set forth therein." (Doc. 1 ¶ 11). "A defendant whose answer fails to contest critical

_____

*L.L.C.*, 759 F.3d 675, 677 (7th Cir. 2014) ("[T]he existence of competing claims to real estate means that the controversy is real.").

Additionally, defendants have raised this lack of controversy argument for the first time in their opposing Response. (Doc. 17). The Court, in ruling on a judgment on the pleadings, is constrained to the facts contained in the pleadings. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). Therefore, the Court need not even consider defendants' eleventh-hour contention that there is no controversy here. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 453 & n.5 (7th Cir. 1998) (Motions and memoranda in support of motions are "not part of the pleadings" and are "clearly outside the scope of Rule 12(c).").

averments in the complaint will, on motion, suffer a judgment on the pleadings…." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 521-22 (1993). Defendants do deny that the easement provides IEPC "authority to construct, operate and maintain its proposed SAX pipeline." (Doc. 13 ¶ 11). But as IEPC rightly notes in its motion, this denial is irrelevant because IEPC never asked this Court to determine whether the easement provides such authority. (Doc. 15 ¶ 3).

The Court finds that the Seventh Circuit's decision in *Enbridge Pipelines (Illinois) L.L.C. v. Moore* controls and that the easement in this case is indistinguishable from the easements found to be valid and enforceable there. Moreover, defendants have admitted that the 1939 Luxor Easement is valid and enforceable according to its terms, and have failed to contest the contention that the 1939 Luxor Easement gives IEPC all the rights set forth therein. Therefore, the Court finds that IEPC is entitled to judgment on the pleadings as to the declaration sought in its Complaint.

## V. <u>Motion to Dismiss</u>

When ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must look to the pleading to determine whether it satisfies the threshold requirements under Federal Rule of Civil Procedure 8. Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that pleader is entitled to relief." Fed.R.Civ.P. 8. A pleading will survive a Rule 12(b)(6) motion if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, a court may grant

dismissal of a counterclaim for failure to state a claim if the "nonmoving party can

prove no set of facts consistent with its…counterclaim that would entitle it to

relief." *N. Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995).

As with a motion for judgment on the pleadings, if the Court considers

evidence outside the pleadings it must convert the motion to dismiss under Rule

12(b)(6) to a motion for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738

(7th Cir. 2002). The Court must accept "all well-pleaded allegations in the

counterclaim as true and draw[] all reasonable inferences in favor of the

counterclaim plaintiff." *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250

F.3d 570, 574 (7th Cir. 2001). But "conclusory statements of law" and

"unwarranted inferences" contained in the counterclaim are insufficient to defeat a

12(b)(6) motion. *Peters*, 69 F.3d at 129. And a party "can plead himself out of

court by unnecessarily alleging facts which…demonstrate that he has no legal

claim." *Trevino v. Union Pac. R. Co.*, 916 F.2d 1230, 1234 (7th Cir. 1990).

## VI.   Analysis

IEPC argues that the Court should dismiss both counts of defendants'

Counterclaim (Doc. 16). In Count I, defendants seek declaratory relief

determining that the 1939 Luxor Easement does not give IEPC the right to

construct, operate, and maintain the SAX Pipeline and that IEPC must obtain a

new right-of-way grant for the SAX Pipeline. (Doc. 13, Count I). IEPC sets forth

three grounds for dismissing Count I: inadequate pleading, preemption, and lack of justiciable controversy. (Doc. 16 ¶¶ 1-9).

### a. Count I—Declaratory Relief

The Court finds that Count I of defendants' Counterclaim does not present a justiciable controversy. The 1939 Luxor Easement expressly grants the owner of the easement (IEPC) "the right to lay, operate and maintain, adjacent to and parallel with the first, a second pipe line." (Doc. 1-1). The Easement also requires IEPC to agree "to bury such pipe lines so that they will not interfere with the cultivation of the land." (*Id.*). Defendants contend that the SAX Pipeline poses a safety risk that is incompatible with farming and therefore not covered under the 1939 Luxor Easement. (Doc. 13, Count I).

In a similar case, Chief Judge Shadid of the Central District of Illinois found that section 60104(c) of the Pipeline Safety Improvement Act of 2002, 49 U.S.C. §§ 60101, *et seq.*, preempted enforcement of this "farmability" provision. *Knight et al v. Enbridge Pipelines (FSP) LLC et al.* 12-cv-01244-JES-JEH (C.D. Ill.) (Doc. 33). On appeal, the Seventh Circuit found that Judge Shadid should have simply dismissed this claim because the landowner's assertion that the new "pipeline would be incompatible with farming the surface is just speculation." *Knight v. Enbridge Pipelines (FSP) L.L.C.*, 759 F.3d 675, 677 (7th Cir. 2014). The Seventh Circuit explained that only if the pipeline actually "prevents using the land for agriculture would it be necessary (or for that matter prudent) to determine" the applicability of the farmability provision. *Id.* Here, until IEPC has

completed construction of the pipeline and surface restoration work, the Court cannot properly determine whether IEPC has met any requirements it might have to avoid interfering with the cultivation of the land. At that time, if defendants do not believe IEPC kept its "promise[] to leave the surface farmable" under the 1939 Luxor Easement, they can, as the Seventh Circuit noted, address such a failure "under the law of contract." *Id.*

Defendants argue in their Response to IEPC's Motion that *Knight* is distinguishable because IEPC is actually currently constructing the SAX Pipeline, whereas in *Knight* the construction was merely anticipated (Doc. 18). The Court disagrees that this distinction creates a justiciable controversy. Until IEPC completes post-construction surface restoration, this Court is unable to assess whether IEPC has kept its promise to leave the surface farmable. Thus, this issue is not yet ripe for judicial review. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

Moreover, Count I is a request for declaratory relief. Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), this Court has discretion "to stay or to dismiss an action seeking a declaratory judgment" based on "considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Thus, based on the above considerations regarding the Court's inability to determine whether IEPC has kept its promises under the 1939 Luxor Easement, the Court exercises its discretion to dismiss this declaratory judgment

request. Because the Court has determined that no justiciable controversy exists, the Court does not determine whether Count I should be dismissed based on the grounds of inadequate pleading[3] or preemption.

### b. Count II—Damages

In Count II of their Counterclaim, defendants assert that IEPC has damaged defendants' land through its activities in maintaining its pipeline easement and constructing its SAX Pipeline; that IEPC has failed to pay or promise to pay defendants for these damages; and therefore requests that this Court enter judgment against IEPC for damages to compensate defendants (Doc. 13). Defendants' claim is based on the 1939 Luxor Easement, which provides that IECP will "pay for any and all damages to crops owned by grantor, fences, and land which may be suffered from the construction, operation or maintenance of such pipelines." (Doc. 13, Count II ¶1). In its Motion to Dismiss, IEPC contends that defendants have failed to state a claim based on the elements of a breach of contract claim under applicable Illinois law.[4] (Doc. 16 ¶ 13). Those elements are: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) resultant injury to the plaintiff." *Nielsen v. United Servs. Auto. Ass'n*, 244 Ill. App. 3d 658, 662, 612

---

[3] The Court notes that defendants' interpretation that the "farmability" provision implies some nebulous safety standard is the very type of "unwarranted inference" not supported by factual assertions that has been held insufficient to defeat a motion to dismiss. *N.Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995); *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995) (a pleading "which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)").
[4] Illinois substantive law governs this case because jurisdiction is based on diversity of citizenship and the land at issue is located in Illinois.

N.E.2d 526, 529 (1993). IEPC contends that defendants have failed to properly plead the second and third elements of a breach of contract. (Doc. 16 ¶¶ 14-15).

The Court agrees that defendants have not substantially performed on the 1939 Luxor Easement to establish the second element of a breach of contract claim. The easement requires defendants to grant to IEPC "the right to lay, operate and maintain...a second pipe line." (Doc. 1-1). As discussed above, defendants dispute the validity of IEPC's rights under the 1939 Luxor Easement and contend that IEPC does not have any right to lay the SAX Pipeline. (Doc. 1 ¶ 11). Moreover, Count I of defendants' Counterclaim seeks declaratory judgment determining that the 1939 Luxor Easement does not give IEPC the right to build the SAX Pipeline. (Doc. 13). Thus, as to Count II defendants have "plead[ed themselves] out of court by unnecessarily alleging facts which...demonstrate that [they have] no legal claim." *Trevino v. Union Pac. R. Co.*, 916 F.2d 1230, 1234 (7th Cir. 1990).

The Court also finds that defendants have not adequately pleaded the third element: that IEPC has breached the contract. As IEPC correctly notes, defendants do not allege that they ever notified IEPC of the damages or gave IEPC an opportunity to pay. *See Gamm Const. Co. v. Townsend*, 32 Ill. App. 3d 848, 851, 336 N.E.2d 592, 594-95 (1975) ("After delays in performance have been waived a contract cannot be rescinded for failure to strictly perform without giving notice and a reasonable opportunity to perform."). Defendants have failed to allege facts that sufficient to show any breach on the part of IEPC.

Finally, Count II also alleges that IEPC has refused to promise to pay to defendants any amounts for damages to the land already incurred. (Doc. 13, Count II ¶ 5). As IEPC notes in its Motion to Dismiss, both the 1939 Luxor Easement itself and IEPC's Agricultural Impact Mitigation Agreement ("AIMA")[5] with the Illinois Department of Agriculture contain promises from IEPC to pay landowners for damages not eliminated by IEPC's post-construction surface restoration. (Doc. 1-1; Doc. 16). Thus, to the extent that defendants are alleging an anticipatory breach on behalf of IEPC as to the damages provision in the 1939 Luxor Easement, defendants have failed to allege any facts showing that such an anticipatory breach has occurred. *Asad v. Hartford Life Ins. Co.*, 116 F. Supp. 2d 960, 963 (N.D. Ill. 2000) (A contract claim is ripe under an anticipatory breach theory "when a party to a contract manifests a definite intent prior to the time fixed in the contract that it will not render its performance under the contract when that time arrives.").

## VII. Conclusion

Accordingly, IEPC's Motion for Judgment on the Pleadings as to the single Count in IEPC's Complaint is **GRANTED**. The Court **DECLARES** that the 1939 Luxor Easement applicable to Tract 12-087-1 is valid and enforceable according to its terms and thereby gives IEPC the rights set forth therein.

---

[5] The AIMA is a matter of public record so this Court may consider it without converting the motion to dismiss into a motion for summary judgment. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997).

Also, IEPC's Motion to Dismiss Defendants' Counterclaims (Doc. 16) is **GRANTED** as to both Counts I and II.

The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 8th day of February, 2016

Digitally signed by
Judge David R.
Herndon
Date: 2016.02.08
14:24:11 -06'00'

**United States District Judge**